Self vs. Gardner.

---

SELF vs. GARDNER.

1. In an action of slander, where the charge against the plaintiff was for stealing a dollar from one person, evidence that he stole from another person is not admissible.

### APPEAL from Circuit Court of Wright county.

WADDELL, for appellant.

EDWARDS, for respondent.

1. This cause was not brought into this court in the time required by the statute.. See Rev. Code of 1845; Practice in supreme court, sec. 21 p. 904.

2. If the appellant did cause to be filed a true and perfect transcript of the record and proceedings of said cause in this court, in the time required by law, the transcript filed is so defective that this court cannot see whether the circuit court rendered a proper or improper judgment.

3. The motion for a new trial not being preserved in the bill of exceptions forms no part of the record.   So the deposition of Lee is no part of the record, and for the same reason, no judgment of the court, as to the law of the case, can be considered, no instructions having been preserved in the bill of exceptions.   See United States vs. Gamble & Bates, 10 Mo. R. 457; same 501, 515, Floersh vs. Bank of Missouri; 11 Mo. R. 358; same 623.

4. The court did not err in suppressing the deposition of Willis Lee.   The deposition was for the purpose of proving that the plaintiff had stollen a dollar from one Bates.   This kind of evidence is never admissible.

5. The court did not err in refusing to strike out the words set forth in the motion of the defendandt; said words are clearly actionable with the proper inuendoes.

GAMBLE, J., delivered the opinion of the court.

Gardner brought an action on the case against Self for slanderous words spoken by Self.   The defendant pleaded the statutory plea under the act of 1847.   The declaration charged the utterance by the defendant of many phrases, imputing to the plaintiff a disposition to steal; but there was only one direct charge of theft made by defendant, and that was that the plaintiff had "stolen a dollar from Lea & Price."   On the

trial the evidence on the part of the plaintiff was confined to the proof of the words spoken by the defendant, charging him with having stolen a dollar from Lea & Price.   The defendant offered to read a deposition of one Wm. S. Lea to prove that plaintiff stole a dollar from James A. Bates, but the court on the motion of the plaintiff excluded the deposition.   A verdict was rendered for the plaintiff for $250; and the defendant moved for a new trial and in arrest of judgment.   Some papers are copied upon the transcript that are in shape of instructions to the jury, but they are not in any bill of exceptions.   The motions for a new trail and in arrest of judgment were overruled.

The deposition of Lea was properly excluded.   The only charge of actual theft of a dollar, was the charge of stealing a dollar from Lea & Price.   For making this charge the defendant was sued, and the evidence that plaintiff had stolen a dollar from Bates was not pertinent to the matter in issue, nor could the plaintiff be called on to meet such new charge.

As far as the case is shown by the bill of exceptions the motion for a new trial was properly overruled, and as the declaration contains words clearly actionable the motion in arrest of judgment was rightly overruled.

The judgment is affirmed.